**318**

STATE ex rel. Leo HARDY, H. B. Mattingly, Harold Cassidy, Clarence Fennewald, Emerson Prange, Eversz err, New Hampshire Insurance Company, American Casualty Company, Udell Blakemore and Clayton Peterman, Relators,

v.

Honorable Waldo C. MAYFIELD, Judge, Division #2 (Equity Division) of the Circuit Court of the City of St. Louis, State of Missouri, and Honorable Lackland H. Bloom, Presiding Judge of the Circuit Court of the City of St. Louis, Division #I, Respondents.

No. 33279.

St. Louis Court of Appeals.

Missouri.

July 1, 1968.

---

Gunn & Gunn, James F. Gunn, Kenney, Reinert & Hespen, Cook, Murphy, Lance & Mayer, Robert J. Koster, Arthur S. Margulis, St. Louis, for relators.

Kappel & Neill, Richard Wolff, Bartlett, Stix & Bartlett, St. Louis, for respondents.

ANDERSON, Presiding Judge.

In this cause a petition for a writ of Mandamus was filed May 15, 1968, and an alternative writ in accordance with the prayer of the petition was issued by the Court returnable June 4, 1968, commanding the Honorable Waldo C. Mayfield, Judge of Division #2 (Equity Division) of the the Circuit Court of the City of St. Louis, State of Missouri, and the Honorable Lackland H. Bloom, Presiding Judge of Circuit Court of the City of St. Louis, Division #1, that they without further excuse or delay, accept jurisdiction in equity of cause known and styled as Leo Hardy et al., Plaintiffs v. Edna D. Poland, et al., Defendants, Cause No. 77321E; and reinstate the temporary restraining order dissolved in said cause by order of Judge Waldo C. Mayfield on February 9, 1968; and allow said cause to proceed on its merits, or show cause why said respondents should not do so. Waiver of service of said writ on respondents was filed by respondents on May 16, 1968.

Respondents have failed to make return to such alternative writ of mandamus as required by Civil Rule 94.01, V.A.M.R., and relators have filed a motion for a peremptory writ of mandamus in this cause by reason of the failure of respondents to make a return to said alternative writ. Said motion is sustained, and it is adjudged that the alternative writ be taken as confessed and that a peremptory writ be awarded. State ex rel. Manchester v. Kellerman, 76 Mo.App. 107; State ex rel. Lee v. Nangle, Mo.App., 315 S.W.2d 475.

RUDDY and WOLFE, JJ., concur.